**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KALPESHKUMAR PATEL,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **CIVIL ACTION** |
| **v.** | **:** | **No. 5:25-CV-283 (CAR)** |
| | **:** | |
| **Director, UNITED STATES** | **:** | |
| **CITIZENSHIP AND IMMIGRATION** | **:** | |
| **SERVICES,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Currently before the Court is Defendant Director, United States Citizenship and

Immigration Services' ("USCIC") Motion to Dismiss *pro se* Plaintiff Kalpeshkumar

Patel's Complaint as moot because Plaintiff has withdrawn all of his applications for U

Nonimmigrant Status, and thus, this Court lacks subject matter jurisdiction over this

action under Fed. R. Civ. P. 12(b)(1). For the following reasons, Defendant's Motion

[Doc. 9] is **GRANTED**, and this case is **DISMISSED without prejudice** for lack of

subject matter jurisdiction.

**BACKGROUND**

On July 3, 2025, Plaintiff, proceeding *pro se*, initiated this action by filing a

Complaint (Petition) for writ of mandamus.[1] Plaintiff is a citizen and national of India and resides in Milledgeville, Georgia.[2] According to the Complaint, Plaintiff submitted an I-918 Petition for U Nonimmigrant Status on February 19, 2025.[3] He also filed a Form I-765 for work authorization.[4] As of the date of filing his Complaint, USCIS had taken no action on the applications, which had been pending for four months.[5] Plaintiff filed this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, alleging Defendant had unreasonably delayed ruling on his petitions and seeking this Court to compel Defendant to adjudicate his petitions.

In its Motion to Dismiss, Defendant asserts Plaintiff withdrew all of his applications as of October 2025, thus rendering his Complaint moot and depriving this Court of Article III subject matter jurisdiction over the issues raised in his Complaint. Plaintiff failed to respond to the Motion.

On April 7, 2026, this Court issued an Order informing Plaintiff of his obligation to respond to Defendant's Motion to Dismiss and of the consequences Plaintiff may suffer if he failed to respond.[6] And the Court directed Plaintiff to respond within 14 days.[7] Plaintiff did not respond, and on May 4, 2026, the Order was returned as

---

[1] Compl., [Doc. 1].

[2] *Id.* at ¶ 1.

[3] *Id.* at ¶ 10.

[4] *Id.* at ¶ 11.

[5] *Id.* at ¶ 19.

[6] Order to Respond [Doc. 10].

[7] *Id.*

undeliverable reflecting "Return to Sender: Insufficient Address."[8] The Court notes it is "Plaintiff's duty to keep this Court informed as to his current address."[9]

## LEGAL STANDARD

Subject matter jurisdiction must be established before a case can proceed on the merits because "[f]ederal courts are courts of limited jurisdiction."[10] "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously ensure that jurisdiction exists over a case…."[11] District courts are obligated to dismiss any action if the plaintiff fails to adequately establish subject matter jurisdiction.[12]

A defendant may attack subject matter jurisdiction under Rule 12(b)(1) in two ways—a facial attack or a factual attack.[13] "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion."[14] In contrast, a factual attack "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such

---

[8] Mail Returned [Doc. 11].

[9] *Smith v. Phelps*, Case No. 5:12-cv-160-MTT, 2013 WL 5657706, at *1 n.1 (M.D. Ga. Oct. 15, 2013); *Joiner v. Floyd*, Case No. 1:10-cv-91-WLS, 2011 WL 2473102, at *1 n.3 (M.D. Ga. June 2, 2011).

[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-95 (1998).

[11] *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted).

[12] *See Travaglia v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

[13] *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted).

[14] *Id.* at 1223-33 (internal quotations and citation omitted).

as testimony and affidavits are considered."[15] In a factual attack, courts are free to weigh the evidence to satisfy themselves they have the power to hear the case.[16] No presumption of truth attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim.[17] Moreover, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists."[18]

"A challenge to subject matter jurisdiction based on lack of standing or mootness is a factual challenge."[19] And "[a] dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."[20]

## ANALYSIS

"Article III of the Constitution limits the jurisdiction of the federal courts to consideration of 'Cases' and 'Controversies.'"[21] "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[22] "The doctrine of mootness derives directly from the case or controversy

---

[15] *Id.* at 1233.

[16] *Lawrence v. Dunbar*, 919 F.2d 525, 1529 (11th Cir. 1990) (citations omitted).

[17] *See id.* (citations omitted).

[18] *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002) (citations and footnote omitted).

[19] *Gonzalez v. Sch. Bd. Of Okeechobee Cnty*, Case No. 06-14320-CIV, 2008 WL 11408488, at *1 (S.D. Fla. April 9, 2008) (citing *Finstad v. Florida, Dep't of Bus. & Prof'l Regulation*, Case No. 06-cv-FTM-29SPC (JES), 2007 WL 345100, at *1 (M.D. Fla. Nov. 14, 2007)).

[20] *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).

[21] *Mingkid v. U.S. At'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) (citation omitted).

[22] *Al Najar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (citation omitted).

limitation because an action that is moot cannot be characterized as an active case or controversy."[23] "That limitation requires those who invoke the power of a federal court to demonstrate … a personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."[24] "Put another way, a case is moot when it no longer presents a live controversy with respect to which the court can grant meaningful relief."[25]

"[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation."[26] "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot."[27] "Indeed, dismissal is required because mootness is jurisdictional."[28]

Here, Plaintiff's claims are moot because he has withdrawn his applications, and thus, he has no pending applications for relief. Plaintiff did not respond to Defendant's Motion and therefore has not disputed Defendant's indication that the applications were withdrawn. Because the applications have been withdrawn, "there is nothing for

---

[23] *Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted).

[24] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (internal quotations and citation omitted).

[25] *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) (internal quotation marks and citation omitted).

[26] *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 169 (2016) (internal quotation marks and citation omitted).

[27] *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160-61 (2016) (internal quotations and citation omitted).

[28] *Al Najar*, 273 F.3d at 1336; *see also De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir. 2003).

[the Court] to remedy, even if [it] were disposed to do so.'"[29] Based on the unrebutted representations in the Motion, this case "no longer presents a live controversy with respect to which the court can grant meaningful relief."[30] Thus, Plaintiff's claims are moot, and this case must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Defendant's Motion to Dismiss [Doc. 9] is **GRANTED**. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO ORDERED**, this 22nd day of July, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[29] *Soliman*, 296 F.3d at 1243 (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)).

[30] *Fla. Ass'n of Rehab. Facilities*, 225 F.3d at 1217.